## SUBMISSION OF REQUESTS TO CHARGE AS AN ENTIRETY.

Circuit Court of Cuyahoga County.

THE SCHATZINGER CONSOLIDATED REALTY COMPANY v. E. M. STONEHILL ET AL.

Decided, February 5, 1912.

*Damages for Breach of Land Contract—Special Damages—Request to Charge Before Argument Presented as Series.*

1. Where a series of requests to charge before argument is properly presented, but the submission of them is as an entirety, or as a series, if one or more of the requests does not correctly state the law applicable to the facts submitted to the jury, it is not error to refuse to give the entire series.

2. When special damages are alleged to have resulted from the breach of a contract to convey lands, the plaintiff is entitled to a charge sufficiently comprehensive to enable him to recover such damages as arose naturally and proximately from the breach of the contract and such as the parties to the contract at the time it was made must reasonably have contemplated as a probable result of the breach.

3. In an action for the breach of a land contract, plaintiff is not entitled to compensation for expenditures made before the contract was entered into, looking towards its consummation.

*P. G. Kassulker,* for plaintiff in error.

*White & Grossner,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The order of the parties to this proceeding was reversed in the court of common pleas. When the terms "plaintiff" and "defendant" are used reference is made to the parties as they stood in the original action.

The plaintiffs' amended petition filed in the court below sets up a cause of action for damages for breach of a parol contract for the sale of certain real estate in the city of Cleveland, possession of which, it is claimed, had been given to them by the defendant pursuant to such parol agreement.

It is urged that there was error in the refusal of the trial court to grant the defendant's motion to direct a verdict in its behalf and to arrest the testimony and evidence from the jury.

In support of this position, the defendant contends that while the contract sued upon in the amended petition is averred to be a parol contract, the evidence discloses a contract in writing with parol modifications, and that the plaintiffs therefore failed to prove the contract declared upon.

The writing which the defendant claims constituted the contract between the parties was offered in evidence, and an inspection of this writing discloses a written application signed by one of the plaintiffs, in which he applies to the defendant for the purchase of the real estate in question upon certain terms that are specified in the writing. There was a conflict of the evidence as to whether or not this constituted the contract which was entered into by the parties, or whether the contract actually entered into was a parol contract, and the question was properly submitted to the jury under adequate instructions from the court, to say what the contract between he plaintiffs and defendant in fact was, and we find no error in the action of the trial court in refusing to direct a verdict for the defendant.

It is also contended that the court below committed error in refusing to instruct the jury before argument, as requested by the defendant. After the plaintiffs and defendant had rested, and before argument, the defendant submitted to the court eight requests to charge. These requests were written on separate sheets of paper and separately numbered. The court refused to give these requests on the ground that the defendant had not complied with the statute, Section 11447 of the General Code, which provides that "When the evidence is concluded, either party may present written instructions to the court on matters of law, and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced." Some of these separate propositions of law were correct and applicable to the facts in issue; others were not. The manner in which the request was made indicates that the court considered that the defendant had asked to have the eight different requests to charge before argu-

ment given as an entirety and not separately. In this view of the matter, the trial court was justified in refusing to comply with the request made. While the position of the court was perhaps somewhat technical, we are of the opinion that the position assumed was not erroneous, since the charges to be given before argument must be given as submitted without submitted to be given as an entirety, or as a series, did not cor- modification, or entirely refused. If any one of the requests submitted to be given as an entirety, or as a series did not cor- rectly state the law applicable to the facts submitted to the jury, they should all have been refused, and this is apparently the view of the court in the matter.

Another ground of error is said to exist because of the rule adopted by the trial court for the measure of damages, the de- fendant contending that the court misconceived the proper measure of damages to be applied to the facts in the case should the jury find for the plaintiffs.

The question of what was the true measure of damages to be adopted was raised by objection to the introduction of evidence in support of certain items of damage claimed by the plaintiffs, by exceptions to the instructions of the court on this subject, and by the refusal of the court to give certain instructions re- quested by the defendant in which a different rule was set forth than that adopted by the court. To determine what damages the plaintiffs were entitled to have awarded them by the jury, if the verdict should be in their favor, a brief reference to the facts will be necessary.

The plaintiffs, in their second amended petition, allege that the contract on which their action was founded was entered into on the 25th day of March, 1909, and that it was to be consummated upon the terms set forth on or before the 15th day of April, 1909. They further allege that they were to be given immediate possession of the premises purchased, and were to erect an apartment building thereon; that they paid to the defendant $100 of the purchase price of the premises and en- tered into possession of the same; that they had plans and specifications prepared for the apartment building to be con- structed on said premises; that they entered into contracts for

the construction of said apartment building and brought to the premises stone, brick and other materials, and made the necessary excavation for the building.

The evidence shows that the payment of $100 was made by the plaintiffs to apply on the purchase price; that they entered into possession of the premises and did some work toward the erection of an apartment house on the premises; that on the 13th day of April, 1909, the premises claimed to have been bought by the plaintiffs were conveyed by the defendant to third parties. The right of the plaintiffs to take possession of the premises in question was denied by the defendant, but on this issue the verdict shows that the jury found with the plaintiffs.

The court instructed the jury on the measure of damages in this language:

"I say to you then, and you may apply the law as here given to the facts in this case, that where two parties have made a contract which one of them has broken, the damages which the other ought to receive for such breach should be such as may fairly and reasonably be construed as arising naturally, that is, according to the usual course of things from such breach of contract itself, or such as may fairly and reasonably be supposed to have been in the contemplation of the parties at the time they made the contract as a probable result of the breach of that contract. Now, if the special circumstances, if any such you find there were in this case, under which the contract was actually made if you find that such a contract was in fact made, if these special circumstances were known to both parties, the damages resulting from the breach of such contract which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under the special circumstances so known to each party and communicated to each other in the negotiations; but on the other hand, if these special circumstances, if any you find, were wholly unknown to the party breaking the contract, that would be the defendant in this case, if you find that he broke it, he could at the most be held only for such damages as would arise and flow naturally and proximately from such a breach of contract. The general principle of compensation is that it should be equal to the injury in every case."

The charge enlarged upon this general principle somewhat at length, and certain features of the charge will be referred to hereafter.

There is much diversity among the authorities as to what the true measure of damages for breach of contract for the sale of real estate is. In an ordinary contract for the sale of real estate, where the vendor at the time of making the contract has title and afterwards refuses to convey, or puts it out of his power to do so by conveying the title to another, we believe the true rule of damages to be laid down in *Dustin* v. *Newcomer*, 8 Ohio, 50, which is as follows:

"When a vendor has a title and refuses to convey, or when he disables himself from conveying by parting with the title, the rule of damages to be enforced in equity is the value when the conveyance ought to have been made."

In *Sedgwick on Damages,* Section 1012, the subject is discussed in the language following:

"If the defendant fails to convey because he has not a good title, he is always liable in substantial damages. This is commonly called the United States Supreme Court rule, and represents one extreme of the series of principles of which the highest English court has adopted the other extreme. It seems to be the correct one on principle. It may be said in its favor that it is unjust to hold the vendee to his contract to pay, if, before the contract is to be performed, the land decreases in value, while if it increases in value, the vendor is liable only for nominal damages; that it is the object of courts of justice to carry out the contracts of the parties as far as possible, and that the specific act agreed to be done should be performed. If the party omits to do what he stipulated, it is just, as a reasonable substitute, that he should pay the precise value of the thing which he contracted to do; and such value to be estimated at the time when the act in question should have been executed."

It will be seen that the trial court did not, in express terms, charge according to the rule laid down in *Dustin* v. *Necomer, supra*, but it will further be noticed that this action involved certain special circumstances. It was claimed by the plaintiffs that the premises involved were bought for the express purpose of building thereon an apartment house; that this fact was known to the defendant, and that the plans for such a building were discussed with the officers of the defendant, and that the defendant knew of the commencement of the work of building the

apartment.   There was evidence tending to support the plaint-
iffs' claim in this respect, and the jury would have been justified
in finding that the special purposes to which it is claimed the real
estate was to be devoted were in contemplation of the parties at
the time the contract was entered into, and that the defendant
was aware of the steps taken by the plaintiffs to achieve these
purposes.   No evidence was introduced as to the value of the
premises at the time the alleged .contract was to be car-
ried out, and we think that the plaintiffs were entitled to
a charge sufficiently comprehensive to enable them to recover
such damages as arose naturally and proximately from the
breach of the contract, and such as the parties to the contract
must reasonably have contemplated as a probable result of the
breach of that contract when it was made, in case the jury
should find that there was a contract and that it had been broken
by the defendant.

We think there was no error in the charge as given insofar as
that portion of it hereinbefore quoted is concerned.

The court, however, during the progress of the trial, had ad-
mitted evidence in support of an item of damages claimed by the
plaintiffs amounting to $275 for certain plans for the proposed
apartment house, which were obtained by the plaintiffs while the
negotiations for the purchase of the premises were being carried
on.   It appears that the obligation to pay this $275 had been
incurred befor the contract claimed by the plaintiffs to have been
made, had been entered into.   The court in its charge used
language authorizing the jury to take into account this item in-
curred for the plans and specifications.   In the admission of evi-
dence in support of this item of damages, and in instructing the
jury that they might consider this in assessing the damages, if
they should find for the plaintiffs, we think the court erred.   The
plaintiffs were not entitled to recover any damages for any ex-
penditures made by them looking toward the consummation of
the contract, and the argument that such expenditures have
proved useless expenses by reason of the breach of the contract,
is of no avail.   *Sedwick on Damages*, Section 1017.

The jury returned a verdict for the plaintiffs for $1,200.   The
evidence submitted to the jury tended to establish items of dam-

age suffered by the plaintiffs in addition to the $275 item already referred to, in the following amounts: $85 paid to the architect for services rendered after the contract claimed to have been entered into was made; $119.20 paid to the contractor who was given the contract under which the work on the apartment house was done; $150 also paid to this contractor, and another amount of $41 paid to him; $100 on the payment of the purchase price on which interest amounting to $14.82 might and doubtless was figured by the jury. If all of these various amounts, including the $275, are added together, it will be seen that the aggregate is $785.02. The remainder of the verdict, amounting to $414.98, if arrived at in view of any evidence submitted at all, must have been allowed on the basis of compensation to the plaintiffs for the time spent by them in preparing to build the apartment house which they designed to erect on the premises, and in carrying out such work as was done before the controversy arose. There was no evidence given as to the value of this time or the value of this class of services, although there was evidence bearing on what was done by the plaintiffs and the amount of time spent by them.

It is doubtful whether, under the charge of the court, the jury could have understood what rule they were to follow in making allowance, if at all, for this particular part of the plaintiff's damages. Under proper instructions they would have been justified in making some allowance, but the amount of $414.09 under any possible instructions, in the light of the evidence introduced on this subject, seems to be excessive, and it is our opinion that $100 would be a liberal allowance for this particular part of the plaintiff's damages.

As we view the matter, therefore, the erroneous admission of evidence in support of expenditures made previous to the entering into the contract between the plaintiffs and the defendant, and made for the express purpose of trying to secure such a contract, coupled with the erroneous features of the charge to which we have referred, is responsible for a verdict of $589.98 in excess of what, under proper instructions, the jury might properly have assessed as damages.

. We find no errors assigned by the petition in error to exist other than those to which we have called attention and if the plaintiffs will consent to remit from their verdict the sum of $589.98, the judgment of the court below will be affirmed; but if they do not so consent, the judgment will be reversed and the cause remanded for further proceedings, for error in the admission of evidence and in the charge of the court.